IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROGER ERNEST HEARE, SR., :
:
    Petitioner :
:
v. : CIVIL NO. 4:CV-14-340
:
HUNTINGDON PRISON, ET AL., : (Judge Brann)
:
    Respondents :

## MEMORANDUM

May 13, 2014

**Background**

    Roger Ernest Heare, Sr., an inmate presently confined at the State Correctional Institution, Huntingdon, Pennsylvania, (SCI-Huntingdon), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondents are SCI-Huntingdon, Judge Richard J. Walsh of the Court of Common Pleas of Franklin County, Pennsylvania, and the Pennsylvania State Attorney General.[1]

    Petitioner seeks federal habeas corpus relief pursuant to § 2254 with respect

---

[1] This Court previously noted that the only properly named Respondent in this matter was the SCI-Huntingdon Warden. See 28 U.S.C. § 2242.

to his 2011 conviction on multiple charges which was rendered in the Court of Common Pleas of Franklin County, Pennsylvania.

This Court issued an Order on April 1, 2014 which advised Petitioner, in accordance with <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999) and <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), that (1) he could have the petition ruled on as filed; that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition absent certification by the United States Court of Appeals for the Third Circuit; or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA").[2] <u>See</u> Doc. 3. The Order additionally warned Heare that if he elected to withdraw his instant petition in order to file one all-inclusive petition, the AEDPA's statute of limitations might bar the filing of any such successive petition.

Accompanying the Order was a Notice of Election form and Petitioner was directed to notify this Court within forty-five (45) days as to how he wished to proceed in this matter.

On May 12, 2014, Heare submitted an executed Notice of Election form

---

[2] <u>Miller</u> and <u>Mason</u> sought to prevent <u>pro se</u> litigants from unintentionally defaulting federal claims through failure to assert them in a single petition.

wherein he notified this Court that he wished to withdraw his instant petition for writ of habeas corpus so that he may file one, all-inclusive petition under 28 U.S.C. § 2254 within the one year-year time limit for filing such a petition.[3]  He also acknowledged that the AEDPA statute of limitations might bar the filing of any such successive petition.  See Doc. 7.

Based upon an application of the standards announced in Miller and Mason to Heare's announced intention that he does not wish to proceed with his present petition, this Court is precluded from ruling upon his action as filed.  Consequently, since Heare has expressed that he does not wish to proceed with his petition, it will be dismissed without prejudice.  An appropriate Order will enter.


BY THE COURT:


 s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[3] Petitioner is forewarned that her new petition would have to be submitted within the one year period of limitation authorized under 28 U.S.C. § 2244(d)(1).